**B104 (FORM 104) (08/07)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS** | **DEFENDANTS** |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  □ Other<br>□ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor  □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
□ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
□ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| □ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. | |
| DISTRICT IN WHICH CASE IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Salem Baptist Church of Jenkinown
v.
Federal Insurance Co., et al,
List of Defendants

| | |
|---|---|
| Federal Insurance Co.<br>251 North Illinios St.<br>Ste. 110<br>Indianapolis, IN 46204 | Chubb Group of Insurance Companies<br>15 Mountainview Rd.<br>Warren, NJ 07059 |
| Eastburn and Gray, P.C.<br>66 East Court St.<br>Doylestown, PA 18915 | Marc D. Jonas<br>66 East Court St.<br>Doylestown, PA 18915 |
| Jane E. Leopold-Leventhal<br>66 East Court St.<br>Doylestown, PA 18915 | Walter J. Logan, Jr.<br>410 Woodland Circle<br>Radnor, PA 19089 |
| Delta Alliance Group, LLC<br>99 Bridge Street<br>Ste. 400<br>Phoenixville, PA 19460 | Lester Mack<br>300 Morehouse Rd.<br>Ste. 232<br>Malvern, PA 19355 |
| Mary Anders<br>Courthouse<br>4h Floor<br>Norristown, PA 19404 | The Honorable Risa Vetri Ferman<br>Office of the District Attorney<br>Courthouse<br>4th Floor<br>Norristown, PA 19404 |

IN THE UNITED STATE BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:   Salem Baptist Church of Jenkintown,   Case No. 10-30809 MDC
                    Debtor

Chapter 11

| | |
|---|---|
| Salem Baptist Church of Jenkintown, <br> 610 Summit Ave. <br> Jenkintown, PA 19046 | Adversary No. |
| Plaintiff, | Jury Trial Demanded |
| v. | |
| Federal Insurance Co. <br> 251 North Illinios St. <br> Ste. 110 <br> Indianapolis, IN 46204 <br> and <br> Chubb Group of Insurance Companies <br> 15 Mountainview Rd. <br> Warren, NJ 07059 <br> and <br> Eastburn and Gray, P.C. <br> 66 East Court St. <br> Doylestown, PA 18915 <br> and <br> Marc D. Jonas <br> 66 East Court St. <br> Doylestown, PA 18915 <br> and <br> Jane E. Leopold-Leventhal <br> 66 East Court St. <br> Doylestown, PA 18915 <br> and <br> Walter J. Logan, Jr. <br> 410 Woodland Circle <br> Radnor, PA 19089 <br> and <br> Delta Alliance Group, LLC <br> 99 Bridge Street <br> Ste. 400 <br> Phoenixville, PA 19460 | |

        and
Lester Mack
300 Morehouse Rd.
Ste. 232
Malvern, PA 19355
        and
Mary Anders
Courthouse
4th Floor
Norristown, PA 19404
        and
The Honorable Risa Vetri Ferman
Office of the District Attorney
Courthouse
4th Floor
Norristown, PA 19404
        Defendants.

## DECLARATORY JUDGMENT COMPLAINT

Plaintiff, Salem Baptist Church of Jenkintown, (Salem) by and through counsel, brings the within declaratory judgment action and states the following:

### PARTIES

1. The plaintiff, Salem Baptist Church of Jenkintown, (Salem) is a Baptist Church ministering to the temporal and spiritual needs of its parishioners for more than 125 years. There are approximately 1,100 parishioners of Salem.

2. On December 14, 2010, the "Petition date," Salem filed a voluntary Petition under Chapter 11 of the United States Bankruptcy Code seeking protection after it was threatened by counsel for Delta Organization, a judgment creditor of Salem, with a sheriff's levy of essentially all its property including altar objects, a crucifix, and sacred sanctuary objects. The sheriff's levy would have prevented Salem from conducting worship services for its parishioners, and continuing with its ministries and outreach programs for its parishioners and the citizens of Jenkintown, PA.

3. Defendant, Federal Insurance Company, is a foreign corporation with its principal place of business at the captioned address. ("Federal"). Federal is one of the operating insurers of defendant, Chubb Group of Insurance Companies.

4. Defendant Federal issued to defendant Eastburn and Gray a professional liability insurance policy covering the period April 22, 2009 through April 22, 2010. The policy number is 6804-4148 (Exhibit "A," Federal policy).

5. Defendant, Chubb Group of Insurance Companies is a business organization with its principal place of business at the captioned address. ("Chubb"). Chubb issues policies of professional liability insurance through insurance companies including, but not limited to, Federal.

6. Defendant, Eastburn and Gray, P.C., is a law firm with its principal place of business at the captioned address.

7. Defendant, Eastburn and Gray, is an insured under the Federal policy.

1

8.  Marc D. Jonas, is an individual with his principal place of business at the captioned address. Defendant Jonas is licensed to practice law in the Commonwealth of Pennsylvania, is a partner of Eastburn and Gray and, is an insured under the Federal policy.

9.  Defendant, Jane E. Leopold-Leventhal, ("Leventhal") is an individual with her principal place of business at the captioned address. She is licensed to practice law in the Commonwealth of Pennsylvania, is a partner at Eastburn and Gray and is an insured under the Federal policy.

10. Defendant, Walter J. Logan, Jr., ("Logan") is an individual residing at the captioned address.

11. Defendant Logan is a necessary party to this action within the meaning of Federal Rule of Civil Procedure, Rule 19.

12. Defendant Logan is a plaintiff in a lawsuit captioned *Walter J. Logan, Jr., et al.* v. *Salem Baptist Church of Jenkintown, et al.*, United States District Court for the Eastern District of Pennsylvania, No. 10-CV-00144. (Logan litigation)

13. Defendant, Delta Alliance Group, LLC, (DAG) is a Pennsylvania limited liability corporation with its principal place of business at the captioned address.

14. Defendant DAG is a necessary party to this action within the meaning of Federal Rule of Civil Procedure, Rule 19.

15. DAG is a plaintiff in the Logan litigation.

16. Defendant, Lester Mack, is an individual residing at the captioned address.

17. Defendant Mack is a necessary party to this action within the meaning of the Federal Rule of Civil Procedure, Rule 19.

18. Defendant, Mack, is a plaintiff in the lawsuit *Lester Mack v. Salem Baptist Church of Jenkintown, et al.*, United States District Court for the Eastern District of Pennsylvania, 10-CV-5536. ("Mack litigation").

19. Defendant, Mary J. Anders is an individual with her principal place of business at the captioned address.

20. Defendant Anders is a necessary party to this action within the meaning of Federal Rule of Civil Procedure, Rule 19.

21. Defendant, Risa Ventri Ferman, is an individual with her principal place of business at the captioned address.

22. Defendant, Ferman, is a necessary party to this action within the meaning of Federal Rule of Civil Procedure, Rule 19.

## NATURE OF THE CLAIM

23. As more fully set forth below, Salem has filed a professional liability claim against defendants Eastburn and Gray, Jonas, and Leventhal as a result of the termination of an employment contract between Salem and The Delta Organization, Inc.

24. Defendants, Eastburn and Gray, Jonas and Leventhal are insureds under the Federal Policy.

25. Salem damages, due to the professional negligence of Eastburn and Gray, Jonas and Leventhal exceed $2.8 million, and will exceed $3 million as interest accrues.

26. The Federal policy limit of liability is $3 million.

27. The Federal policy proceeds by way of settlement or judgment in favor of Salem against Eastburn and Gray, Jonas, and Leventhal will be instrumental in financing Salem's Chapter 11 plan.

28. The Logan and Mack litigation arises following the dismissal of criminal charges by Defendant Ferman against Logan and Mack.

29. Logan and Mack filed malicious prosecution claims, civil conspiracy claims, and violations of the Dragonetti Act against Salem Baptist Church, Eastburn and Gray, Jonas and Leventhal, Anders, and Ferman.

30. The Logan lawsuit was filed on January 10, 2010, within the Federal policy period. The Mack lawsuit was filed on October 20, 2010, outside of the Federal policy period.

31. The Federal policy liability limit is being used to pay Eastburn and Gray, Jonas and Leventhal's legal fees, costs and indemnification associated with the defense of the Logan/Mack

3

litigation notwithstanding the fact Logan and Mack have not asserted any claim of attorney-client relationship or harm arising from a breach of duty owed by Eastburn and Gray, Jonas and Leventhal to Logan and Mack. It has been reported that the Federal policy limits have been reduced by $200,000.

32. Salem has an equitable interest in the Federal policy proceeds and, as such, the proceeds constitute property of debtor's estate pursuant to 11 U.S.C. § 541.

33. In order to preserve debtor's estate assets and property necessary to compensate secured and unsecured creditors of Salem, Salem seeks a declaration from this Court that the Federal policy does not provide insurance coverage for defendants Eastburn and Gray, Jonas, and Leventhal in claims brought by Logan, DAG, and Mack. Further, Salem seeks an injunction from this Court barring the use of the Federal policy proceeds to defend and indemnify Eastburn and Gray, Jonas, and Leventhal in the Logan and Mack Litigation. Finally, Salem seeks an accounting of all policy proceeds expended in defense of Eastburn and Gray, Jonas and Leventhal in the Logan and Mack litigation and any other claims made during the policy period.

## JURISDICTION and VENUE

34. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

35. This Court has jurisdiction over this adversary proceeding as it seeks as a remedy the protection of estate assets pursuant to 11 U.S.C. §§ 542 and 543.

36. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

37. Venue was proper in this district pursuant to 28 U.S.C. § 1409(a).

## STATEMENT OF FACTS
### The Federal Professional Liability Policy

38. Federal issued to defendant Eastburn and Gray a professional liability insurance policy, No. 6804-4148 covering the policy period April 22, 2009 through April 22, 2010. (Exhibit "A" Federal policy).

39. Defendants Jonas and Leventhal are insured for professional liability claims under the Federal policy.

40. A covered claim under the Federal policy is a demand for monetary damages or a proceeding commenced by service of a complaint against an insured for a **Wrongful Act** (Exhibit "A" Federal Policy Page 3).

41. The Federal policy defines a **Wrongful Act** as any actual or alleged act, error or omission committed solely in the performance of or failure to perform **professional services** by an insured.

42. **Professional services** are defined as services provided to others by an insured as an attorney. (Exhibit "A," Federal Policy Page 5 – Page 6).

43. The Federal policy by its own terms covers only claims against defendants Eastburn and Gray, Jonas, and Leventhal arising in the course and scope of the attorney-client relationship, and resulting from an error or omission committed solely in their performance of legal services.

44. The Federal policy excludes claims based upon, arising from, or in consequence of any deliberately fraudulent or dishonest act or omission or any willful violation of any statute or regulation by such insured. Exhibit "A" p. 7.

45. The Federal policy does not cover the claims of Logan, DAG and, Mack because they are not claims that arose in the course of the attorney-client relationship between Logan, DAG and Mack and the losses sustained by Logan, DAG and Mack did not result from an error or omission committed in the performance of professional services by defendants Eastburn and Gray for plaintiffs Logan, Mack and DAG.

5

46. There are no claims by Logan, DAG or Mack that Eastburn and Gray, Jonas and Leventhal committed a **Wrongful Act** as defined by the Federal Policy.

47. The claims of Logan, DAG and Mack are excluded from coverage under the Federal policy because they arise as a consequence of a deliberately fraudulent or dishonest act and violation of a statute by the insureds, Eastburn and Gray, Jonas and Leventhal. (Exhibit "A" p. 7, **III - Exclusions.**

**Salem Professional Liability Claim against Eastburn and Gray, Jonas, Leventhal**

48. From 2003 until January 28, 2009, defendants, Eastburn and Gray, Jonas, and Leventhal, provided Salem with *professional services* as defined in the Federal policy.

49. On June 27, 2007, defendant Jonas, on behalf of Salem, notified the Delta Organization, Inc. that Delta's employment by Salem was terminated. At the time of the June 27, 2007 letter, Delta was under contract with Salem to manage construction of its Family Life Center building adjacent to the Salem Baptist Church. (Exhibit "B," June 27, 2007 correspondence).

50. In July 2007, the Delta Organization, pursuant to the contract with Salem, demanded arbitration of its breach of contract claim against the church.

51. On June 28, 2009, after a year and seven months of litigation, and six days before the scheduled arbitration of the breach of contract claim, defendants, Eastburn and Gray and Leventhal withdrew as counsel for Salem

52. A brief continuance of the arbitration was granted and in March 2009 hearings on Delta's breach of contract claim began.

53. On May 19, 2009, arbitrator Paul Logan issued his award in favor of Delta. ("Exhibit C," Arbitration Award of May 19, 2009).

54. Arbitrator Logan in his award noted that primary responsibility for the breach of contract rested with Eastburn and Gray and its lawyers. (Exhibit "C," pp., 1, 6, 7-13 ).

6

55.   The total arbitration award against Salem was $521,825.40. (Exhibit "D," Delta Organization Praecipe to Enter Judgment Against Salem).

56.   In June 2009, Salem placed Eastburn and Gray on notice of its professional liability claims.

57.   On February 2, 2011, Salem commenced litigation against defendants Eastburn and Gray, Jonas, and Leventhal, in the Court of Common Pleas, Philadelphia County at *Salem Baptist Church of Jenkintown v. Eastburn and Gray, P.C. et al.*, January Term 2011, No. 4515.

58.   Salem's monetary damages as a result of the Eastburn and Gray negligence did not stop with the arbitration award. Salem has sustained damages exceeding $2.8 million. The damages will eventually exceed $3 million as interest accrues.

59.   Salem's lawsuit against Eastburn and Gray is a "covered claim" under the terms and conditions of the Federal policy.

**Logan and Mack Litigation**

60.   On January 12, 2010, defendants Logan and Delta Alliance Group brought an action against Salem Baptist Church and defendants Eastburn and Gray, Jonas, and Leventhal, among others, arising out of criminal charges brought Defendant Ferman, the Montgomery County District Attorney, against Logan. (Exhibit "F" Logan 1st Amended Complaint).

61.   Logan alleges in the 1st Amended Complaint that Salem and Eastburn and Gray, Jonas, and Leventhal initiated criminal charges against him in the summer of 2008 in order to coerce him (Logan) into withdrawing or compromising the breach of contract claim filed as a result of the June 27, 2007 contract termination notice. Logan alleges that the allegations made against him by the defendants were knowingly false.

62.   Logan further alleges that Salem and Eastburn and Gray, Logan, and Leventhal exploited their personal relationship with members of the Montgomery County District Attorney's Office to bring criminal charges Logan based upon nothing more than a contract dispute.

7

63. Logan alleges he was arrested and charged by the Montgomery County District Attorney's Office upon false information provided by Eastburn and Gray and Leventhal.

64. On January 6, 2010, the Montgomery County District Attorney's Office dismissed all charges against Logan.

65. On January 10, 2010, Logan filed his lawsuit captioned at *Logan, et al., v. Salem Baptist Church of Jenkintown et al.*, United States District Court for the Eastern District of Pennsylvania, 10-CV-0144. Among the defendants in the Logan litigation are Salem, Eastburn and Gray, Jonas and Leventhal . (Exhibit "E," Logan First Amended Complaint).

66. The causes of action by Logan against Eastburn and Gray are malicious prosecution, common law malicious abuse of power, civil conspiracy, defamation, civil disparagement, negligence, and violation of 42 Pa. C.S.A. § 8351, The Dragonetti Act.

67. There are no allegations in the Logan complaint that there was an attorney-client relationship between Logan and DAG and Eastburn and Gray and insured parties.

68. There are no allegations in the Logan complaint that Logan or DAG sustained damages as a result of an act or omission on the part of Eastburn and Gray in the delivery of legal services.

69. The Logan complaint alleges conduct on the part of Eastburn and Gray, Jonas and Leventhal consisting of deliberately fraudulent or dishonest acts and willful violation of any statute. Exhibit "E" ¶¶ 59, 63, 72, 104, 137, 139, 142, 143, 159, 160, 169, 176-182, 215-220.

70. Eastburn and Gray are being defended in the Logan lawsuit by the Law Firm of Obermeyer, Rebmann, Maxwell and Hippel. (Obermeyer)

71. Defense fees and costs owed to Obermeyer by Eastburn and Gray are deducted from the Federal policy limits. (See, Exhibit "F " Correspondence from Sean M. Corr, counsel for Eastburn and Gray to the undersigned.)

72. Defense fees and costs invoices associated with the Logan litigation are submitted to Federal/Chubb by Obermeyer and paid directly by the insurance company.

73. The $3 million Federal policy limit of liability is being reduced by the amount of attorney's fees and costs incurred by Eastburn and Gray in defense of the Logan litigation.

74. On October 20, 2010, Defendant, Lester Mack, filed litigation in the United States District Court against Salem Baptist Church of Jenkintown and Eastburn and Gray, Jonas, and Leventhal docketed a *Lester Mack v. Salem Baptist Church of Jenkintown, et al.*, United States District Court for the Eastern District of Pennsylvania, 10-CV-5536 (Exhibit "G ," Mack complaint). The Mack complaint mirrors the Logan complaint in many respects.

75. The Mack lawsuit was filed outside of the Federal policy period.

76. Mack's claims are for malicious prosecution, common law malicious abuse of process, civil conspiracy, negligence, and violation of the Dragonetti Act, for a false arrest as a result of allegations made by Eastburn and Gray, Jonas, and Leventhal.

77. There are no allegations in the Mack complaint that there was an attorney-client relationship between Mack and Eastburn and Gray and/or any of its insureds.

78. There are no allegations in the Mack complaint that Mack sustained damages as a result of an act or omission on the part of Eastburn and Gray in the delivery of legal services.

79. The Mack complaint alleges conduct on the part of Eastburn and Gray, Jonas and Leventhal consisting of deliberately fraudulent or dishonest acts and willful violation of any statute. Exhibit "G" ¶¶ 12, 14, 33, 34, 60-67, 81-86, 95-103, 110-115.

80. Eastburn and Gray are being defended in the Mack lawsuit by the Obermeyer.

81. Defense fees and costs invoices associated with the Mack litigation are submitted to Federal/Chubb by Obermeyer and paid directly by the insurance company.

82. Defense fees and costs owed to Obermeyer are deducted from the Federal policy limits. (See, Exhibit "F " Correspondence from Sean M. Corr, counsel for Eastburn and Gray to the undersigned.)

9

83.     The $3 million Federal policy limit of liability is being reduced by the amount of attorney's fees incurred by Eastburn and Gray in defense of the Mack claim.

## FIRST CLAIM FOR RELIEF
### (Logan and Mack Litigation are not "Covered Claims under Federal Policy)

84.     Salem incorporates herein as if set forth in full paragraphs one through seventy-one of this Complaint.

85.     Plaintiff, Salem, is entitled to declaratory judgment that the Federal Policy does not cover the claims set forth in the Logan and Mack litigation.

86.     The claims of Logan, DAG and Mack are not covered claims within the meaning of the Federal Policy.

87.     The claims of Logan, DAG and Mack are excluded from coverage by the Federal policy.

88.     If supported by the evidence, that the Mack claim was not made within the Federal Policy period.

89.     The obligations of Federal Insurance Co. under policy number 6804-4148 do not extend to providing coverage to Eastburn and Gray, Jonas and Leventhal in the Logan and Mack litigation described above.

90.     Federal Insurance Co., Chubb, Eastburn and Gray, Jonas and Levanthal are barred from expending any Federal policy funds in defense and indemnification of Eastburn and Gray, Jonas and Leventhal in the Logan and Mack litigation.

## SECOND CLAIM FOR RELIEF
### (Federal Policy Proceeds are Estate Property pursuant to 11 U.S.C. § 541)

91.     Salem incorporates herein as if set forth in full paragraphs one through eighty four of this Complaint.

92.     Salem is entitled to declaratory judgment that the Federal Policy proceeds are property of Debtor's estate in that Salem, at the present time, has an equitable interest in the policy proceeds.

93. Salem is entitled to an accounting of the expenditure of Federal policy proceeds expended in defense and indemnification of Eastburn and Gray, Jonas and Leventhal in the Logan and Mack litigation.

## Prayer for Relief

Wherefore, Salem Baptist Church of Jenkintown prays that this Court;

1. Enter a declaratory judgment against Federal, in favor of Salem which declares that:

   a. The Federal Insurance Policy was in effect between April 22, 2009 and April 22, 2010, and provided coverage for professional liability claims;

   b. That the claims of Salem are covered claims pursuant to the terms and conditions of the Federal Policy;

   c. That the claims of Logan/DAG and Mack are not covered claims pursuant to the terms and conditions of the Federal Policy, and therefore there is no insurance coverage for Eastburn and Gray, Jonas and Leventhal for the Logan and Mack claims under the Federal Policy;

   d. That the claims of Lester Mack are not within the Federal policy period, if appropriate;

   e. Federal Insurance Co., Chubb, Eastburn and Gray, Jonas and Leventhal are barred from expending any Federal policy funds in defense and indemnification of Eastburn and Gray, Jonas and Leventhal in the Logan and Mack litigation;

   e. Federal Insurance Co., Chubb, Eastburn and Gray, Jonas and Leventhal shall provide Salem and the Office of the Trustee an accounting of all Federal Insurance Policy proceeds paid for defense and indemnification in the Mack and Logan litigation whether directly or indirectly expended;

2. Grant Salem such other relief as this Court deems just and proper.

Respectfully submitted,

/s/ Edward J. Carreiro, Jr.
Edward J. Carreiro, Jr.
Attorney for Plaintiff